THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GINO MAGARO,

 Plaintiff,

 v.

KILOLO KIJAKAZI,[1] **Acting Commissioner of Social Security,**

 Defendant.

: CIVIL ACTION NO. 3:19-CV-206
: (JUDGE MARIANI)
: (Magistrate Judge Cohn)

FILED
SCRANTON
APR 01 2022
PER _____
  DEPUTY CLERK

## ORDER

AND NOW, THIS _1ST_ DAY OF APRIL 2022, upon consideration of Magistrate Judge Gerald B. Cohn's Report and Recommendation ("R&R") (Doc. 14), Plaintiff's objections thereto and supporting brief (Doc. 15), Defendant's response (Doc. 16), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 14) is **ADOPTED** for the reasons set forth therein as supplemented by this Order.

2. Upon de novo review of Plaintiff's objections to the R&R (Doc. 15),[2] the objections are **OVERRULED**.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the current Acting Commissioner of Social Security, is substituted for former Acting Commissioner of Social Security Andrew Saul as the named defendant in this action.

[2] When timely and specific objections are filed, the court reviews the matters to which objection has been made de novo. 28 U.S.C. § 636(b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). The task of the reviewing Court is to determine whether "substantial evidence" supports the ALJ's decision—"'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are

a. Plaintiff first contends that "the ALJ improperly relied on his own inferences from medical record notations of no distress to determine [his] RFC." (Doc. 15 at 1-2 (citing *Combs v. Berryhill*, 878 F.3d 642, 647 (8th Cir. 2017).) Plaintiff's reliance on *Combs* is misplaced. In *Combs*, the ALJ found the plaintiff's subjective complaints of pain not entirely credible "*in large part* based on her treating physicians' notations that she was in 'no acute distress' and 'had normal movement of all extremities.'" 878 F.3d at 645 (emphasis added). Here, the ALJ noted that consultative examiner Craig Haytmanek, M.D., found Plaintiff "in no acute distress" in his physical examination. (R. 20 (Doc. 8-2 at 21).) Importantly, this is one of many findings noted and reviewed in the ALJ's Decision. (*Id.*) A review of the ALJ's explanation supporting the RFC shows that his findings were based on many considerations and not "in large part" on a comment that Plaintiff was "in no acute distress" when examined by Dr. Haytmanek. (*See* R. 20-22 (Doc. 8-2 at 21-23).) Because Plaintiff has not shown that the ALJ erred on the basis alleged, this objection is **OVERRULED**.

---

to review agency factfinding." *Biestek v. Berryhill*, ---U.S.---, 139 S. Ct. 1148, 1154 (2019) (quoting *T-Mobile South, LLC v. Roswell*, 574 U.S. 293, 301 (2015)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 2006) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.1971) (internal citation omitted).

    b. With his second objection, Plaintiff asserts that the Magistrate Judge erred in his consideration of Plaintiff's receipt of unemployment benefits. (Doc. 15 at 2.) Plaintiff does not undermine the authority cited by Magistrate Judge Cohn which provides that it is proper for an ALJ to consider the receipt of unemployment benefits, particularly when it is one of several factors considered. (Doc. 14 at 10 (quoting *Brumbaugh v. Berryhill*, Civ. A. No. 3:16-CV-1321, 2019 WL 1779253, at *5 (citing *Myers v. Barnhart*, 57 F. App'x 990, 997 (3d Cir. 2003); *Varano v. Colvin*, Civ. A. No. 3:14-CV-1467, 2015 WL 5923615, at *10 (M.D. Pa. Oct. 9, 2015))).) Here, Plaintiff's receipt of unemployment benefits was just one of several factors considered. (R. 21 (Doc. 8-2 at 22).) Based on Social Security Memorandum 10-1258 issued on August 9, 2010, by Chief Administrative Law Judge Frank Cristaudo, Plaintiff states that "it is Social Security's own policy that individuals who are facing a lengthy decision-making process need not choose between applying for unemployment insurance and Social Security disability benefits." (Doc. 15 at 3-4 & n.2.) Plaintiff does not show how this policy conflicts with the foregoing authority or otherwise show error on the basis alleged. Therefore, Plaintiff has not shown that the ALJ's consideration of his receipt of unemployment benefits was improper, and this objection is **OVERRULED**.

3. Plaintiff's Appeal is **DENIED**.

4. The Acting Commissioner of Social Security's decision is **AFFIRMED**.

5. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
Robert D. Mariani
United States District Judge